IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS J. ST. CLAIR, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 3:25-037 |
| | ) Judge Stephanie L. Haines |
| | ) Magistrate Judge Patricia L. Dodge |
| SOMERSET COUNTY JAIL., *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Presently before the Court is a civil rights claim pursuant to 42 U.S.C. § 1983 filed *pro se* by Nicholas J. St. Clair ("Plaintiff"). On February 6, 2025, Plaintiff submitted a Complaint (ECF No. 1-2) naming as defendants Somerset County, Somerset County Jail, Primecare Medical, Inc., Brian Pelesky, David Krouse, and John Does #1 and #2 (collectively "Defendants"). In his Complaint, he alleges that Defendants are liable for multiple constitutional violations. This matter was referred to Magistrate Judge Patricia L. Dodge for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

After Plaintiff filed his Complaint, Motions to Dismiss were filed by Defendants (ECF Nos. 4, 12) but went unanswered, despite the Court directing Plaintiff to file responses (ECF Nos. 7, 15, 19). On April 24, 2025, Judge Dodge filed a Report and Recommendation (ECF No. 21), recommending that Plaintiff's claims be dismissed with prejudice for Plaintiff's failure to prosecute. To reach this determination Judge Dodge performed an evaluation using the *Poulis* factors. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 870 (3d Cir. 1984) (finding that the court must weigh these factors to "assure that the 'extreme' sanction of dismissal … is reserved for the instances in which it is justly merited"). Plaintiff was advised that he had fourteen days to

file written Objections to the R&R. 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Not surprisingly, Plaintiff did not file Objections and the period to do so has lapsed. In addition, and as of recent, the docket reflects that Plaintiff's mail is being returned because Plaintiff is no longer housed at Somerset County Jail (ECF Nos. 18, 20, 22), though Plaintiff was informed that he is under a continuing obligation to notify the Court of any change of address.

Upon review of the record and the R&R (ECF No. 21) under the applicable "reasoned consideration" standard, *see*, *EEOC v. City of Long Branch*, 866 F.3d 93, 2 100 (3d Cir. 2017), (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Dodge in this matter. Magistrate Judge Dodge correctly determined Plaintiff's conduct weighs in favor of dismissal under the *Poulis* factors to sufficiently constitute a failure to prosecute. *See Poulis*, 747 F.2d at 870. Plaintiff has by all intents and purposes abandoned this case. The Court will dismiss Plaintiff's action for failure to prosecute.

Accordingly, the following order is entered:

### ORDER

AND NOW, this 16th day of June, 2025, IT IS ORDERED that Plaintiff's civil rights action pursuant to § 1983 (ECF No. 1-2) hereby is DISMISSED WITH PREJUDICE; and

IT IS FURTHER ORDERED that Magistrate Judge Dodge's Report and Recommendation (ECF No. 21) is adopted as the Opinion of the Court; and

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

/Stephanie L. Haines
United States District Judge

Cc: Nicholas St. Clair
Somerset County Jail
127 E. Fairview Street
Somerset, PA  15501

Counsel for Defendants
(Via CM/ECF electronic mail)

3